UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 24-136 (PAM/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Maggie Kay Schaefer,<br>f/k/a Maggie Kay Hassing, | |
| Defendant. | |

_____

This Matter is before the Court on the parties' Joint Motion to Amend Judgment as to Restitution under Fed. R. Crim. P. 33. (Docket No. 53.) They seek to reduce the amount of restitution ordered from $428,145.68 to $374,308.98, removing the interest included in the Presentence Investigation Report, thus reflecting the amount of restitution stated in the plea agreement. (Docket No. 52 at 6; Docket No. 53 at 1.)

Defendant Maggie Kay Schaefer was sentenced on December 12, 2024. The parties filed this Motion under Fed. R. Crim. P. 33 more than three weeks later. However, the parties provide no authority indicating that such a Motion is timely under Rule 33, which states that motions to vacate a judgment for reasons other than newly discovered evidence must be filed within fourteen days of a finding of guilt. Fed. R. Crim. P. 33(b)(2).

Therefore, the Court finds that Fed. R. Crim. P. 36 is the appropriate mechanism to address the parties' request to lower the amount of restitution owed in this matter, as Rule 36 allows a Court to "at any time correct a clerical error in a judgment, order, or

other part of the record, or correct an error in the record arising from oversight or omission." Id. R. 36; see United States v. Tramp, 30 F.3d 1035, 1037 (8th Cir. 1994) ("Rule 36 authorizes a court to correct a clerical error in a judgment at any time."). "Correction of a clerical or typographical error pursuant to Rule 36 does not substantively alter a prisoner's sentence or judgment." United States v. Saaga, No. 214CR20017PKHMEF1, 2020 WL 1034626, at *4 (W.D. Ark. Feb. 14, 2020) (citing Dyab v. United States, 855 F.3d 919, 923 (8th Cir. 2017)). "[C]ourts consistently hold that . . . if a correction to a restitution order does not increase the total amount of restitution imposed at sentencing, the defendant's rights are not substantively affected." United States v. Polukhin, Crim. No. 15-261, 2017 WL 923204, at *3 (D. Minn. Mar. 8, 2017) (Montgomery, J.) (citing United States v. Crawley, 463 Fed. App'x 418, 422 (5th Cir. 2012)) (granting a motion under Rule 36 to alter, but not increase, the amount of restitution ordered). Because this joint request decreases the amount of restitution and does not impact Defendant's substantive rights, the Court grants the Motion.

Accordingly, **IT IS HEREBY ORDERED that**:

1. The parties' Joint Motion to Amend Judgment as to Restitution (Docket No. 53) is **GRANTED**;

2. The amount of restitution is reduced to $374,308.98; and

3. Defendant Maggie Kay Schaefer's Second Amended Sentencing Judgment (Docket No. 52) shall be amended to reflect the same.

Date: January 20, 2025                    *s/Paul A. Magnuson*
                                          Paul A. Magnuson
                                          United States District Court Judge